IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00152-WDM

DAVID C. MONTOYA,

    Applicant,

v.

STEVE HARTLEY, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER ON PETITION FOR HABEAS CORPUS

Miller, J.

This matter is before the Court on Applicant David C. Montoya's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (Docket No. 3). Respondents answered the Application (Docket No. 13), and Applicant filed a traverse (Docket No. 14). As Applicant is proceeding *pro se,* the Court must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). After reviewing the pertinent portions of the record in this case including the Application, the Answer, the Traverse and the state court record (Docket No. 20), the Court concludes that the Application should be denied.

*Background*

The facts[1] leading to Applicant's conviction are as follows: Applicant was charged in the Denver County District Court (the "trial court") with one count of aggravated robbery, in violation of Colo. Rev. Stat. § 18-4-302(1)(b). Pursuant to a plea agreement, Applicant pled guilty to the original robbery count, and the parties agreed that the sentence imposed in the case would run concurrently with the sentence imposed in a separate criminal case, Adams County Case No. 04-CR-2800. On April 28, 2005, the trial court sentenced Applicant to twenty-three years in the Colorado Department of Corrections ("DOC"). Applicant did not file a direct appeal.

On May 1, 2006, Applicant filed a *pro se* motion pursuant to Colorado Rule of Criminal Procedure 35(c), alleging that his sentence was illegally imposed because the facts supporting a sentence in the aggravated range were not found by a jury. The trial court denied the Rule 35(c) motion on June 6, 2006. Applicant filed a timely notice of appeal with the Colorado Court of Appeals ("CCA"), and the CCA affirmed the trial court on November 8, 2007. *See People v. Montoya*, No. 06CA1530 (Colo. App. Nov. 8, 2007) (unpublished decision) (Answer at Exhibit C). Applicant did not appeal this ruling to the Colorado Supreme Court ("CSC"), and the mandate issued on January 4, 2008.

Applicant then filed the instant action, alleging that: (1) the trial court violated his Sixth Amendment right by imposing an aggravated range sentence without the facts used to enhance the sentence being proved to a jury.

---

[1]This general introductory background is taken from Respondents' undisputed statement of facts in the Answer.

*Legal Standard*

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas application pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the applicant's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because the Application was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas application when the applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*. Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court

4

> cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based

5

on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law persuades [the Court] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full *de novo* review of the applicant's claims." *Id*.

*Discussion*

A.     Time-Bar

As a preliminary matter, Respondents challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the

6

> expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Applicant's criminal case became final. The final sentence in Applicant's case entered on April 28, 2005. Answer at 2. Because Applicant did not file a direct appeal, the Court therefore finds that his conviction became final on June 13, 2005,[2] forty-five days after he was sentenced. *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on June 14, 2005, the next business day

---

[2]The forty-fifth day after April 28, 2005, was June 12, 2005. However, June 12, 2005, was a Sunday. Therefore, the filing deadline extended until June 13, 2005. *See* C.A.R. 26(a).

7

after the conclusion of the time to appeal.  *See, e.g., Saffle*, 237 F.3d at 1273.

The Court must next determine whether any of Applicant's state court post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

There were no pending motions in Applicant's state court action between June 14, 2005, and April 30, 2006.  These 321 days are credited against the one-year statute

8

of limitations.

Applicant filed a Rule 35(c) motion on May 1, 2006, and the trial court denied the motion on June 6, 2006. Answer at 5. Applicant filed a timely notice of appeal, and the CCA affirmed the trial court on November 8, 2007. The Court finds that the one-year statute of limitations was tolled from November 9, 2007, the day after Applicant's Rule 35(c) motion was denied by the CCA, until December 25, 2007, when the time expired to petition the CSC for certiorari review. *See* Colo. App. R. 52(b)(3). Twenty days later, Applicant filed the instant Application, which was received by the Court on January 15, 2008.[3] Therefore, the time that is not tolled for purposes of § 2244(d) is only 341 days (321 days + 20 days = 341 days). Accordingly, the Court finds that the Application is timely.

B.      Exhaustion and Procedural Default

Respondents next assert that Applicant's claim is unexhausted and procedurally barred, because Applicant failed to raise the claim in a petition for writ of certiorari in the Colorado Supreme Court. The Court does not agree that Applicant's failure to raise his claim in the Colorado Supreme Court after it was presented fairly to the Colorado Court

---

[3]The prison mail box rule holds that a *pro se* prisoner's habeas application will be considered filed on the date that the application is deposited in the institution's internal mail system. *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005)  However, to obtain the benefits of this rule, a prisoner must provide a "declaration in compliance with 28 U.S.C. § 1746 or [a] notarized statement, either of which must set forth the date of deposit and state that first-class postage has been paid." *Id.* at 1164 (citing Fed. R. App. P. 4(c)(1)). Applicant fails to set forth the date of deposit in the institution's internal mail system and fails to state that first-class postage has been paid. Therefore, he cannot obtain the benefit of the mail box rule. Accordingly, the Court must consider the date the Application was received, January 15, 2008, as the date that the Application was filed.

9

of Appeals means this claim is unexhausted.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330

F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court rejects Respondents' argument that Applicant failed to exhaust his claim because it was not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claim was presented fairly to and rejected by the Colorado Court of Appeals. Accordingly, having decided that the Application is timely, and that Applicant's claim is exhausted, the Court will proceed to the merits of his claim.

    C.    Claim One

Applicant raises one claim in the Application. He asserts that the trial court violated his Sixth Amendment right by imposing an aggravated range sentence based on facts that were not proven to a jury. Application at 5. Applicant asserts that he pled guilty to aggravated robbery pursuant to Colo. Rev. Stat. § 18-4-302, a class three felony punishable by a sentence range of four to twelve years pursuant to Colo. Rev. Stat. § 18-1.3-401(1)(V)(A). *Id.* Nevertheless, he complains that he received a sentence of twenty-three years, pursuant to the per se crime of violence statute located at Colo. Rev. Stat. § 18-1.3-406. Applicant contends that because the crime of violence counts were dismissed pursuant to the terms of the plea agreement, it was a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), for the trial court to sentence him in the aggravated range. *Id.*

In addressing this claim, the CCA considered the United States Supreme Court's rulings in *Apprendi* and *Blakely*, but found that:

> Contrary to his assertion, defendant did not receive an aggravated-range sentence. He was convicted of aggravated robbery under section 18-4-302(1)(b), C.R.S. 2007, which is a class three felony, a per se crime of

11

> violence, and an extraordinary risk crime. Therefore, the court was
> required to sentence him within the statutory penalty range of ten to thirty-
> two years. *See* §§ 18-1.3-401(1)(a)(V)(A), (10)(a), (b)(IX), 18-1.3-406(1),
> 18-4-302(3)-(4), C.R.S. 2007. Thus, defendant's twenty-three year
> sentence does not violate *Apprendi* or *Blakely*. *See People v. Trujillo*, ___
> P.3d ___, ___ (Colo. App. No. 05CA1389, May 31, 2007). The order is
> affirmed.

*See People v. Montoya*, No. 06CA1530 (Colo. App. Nov. 8, 2007) (unpublished decision).

First, the Court notes that the applicability and continued vitality of Supreme Court precedent is a pure question of law. *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). As such, the Application may be granted in this case only if the adjudication of Applicant's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Because the claim asserted by Applicant is purely a question of law, there is no basis for analysis of whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented pursuant to 28 U.S.C. § 2254(d)(2).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court further explained the *Apprendi* requirements, and noted that the presumptive maximum is the highest sentence a trial court can impose on the basis of the jury verdict or facts admitted by the defendant

12

without making additional factual findings. 542 U.S. at 303.

Having reviewed Applicant's claim, the Court finds that *Apprendi* and *Blakely* do not apply to his sentence. Under Colorado law, aggravated robbery, the crime to which Applicant pled guilty, is a crime of extraordinary risk of harm and a per se crime of violence. *See, e.g., People v. Hogan*, 114 P.3d 42, 59 (Colo. App. 2004) (finding "aggravated robbery is a per se crime of violence which is subject to crime of violence sentencing"). Therefore, by operation of the sentencing statutes and without the finding of any additional facts, the range of punishment for Applicant's aggravated robbery conviction was ten to thirty-two years in the DOC. *See* Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A), (10)(a), (b)(IX), 18-1.3-406(1), 18-4-302(3)-(4) (2007); s*ee also Blakely*, 542 U.S. at 303-04 ("the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings"). Applicant's twenty-three year sentence is within the presumptive sentencing range for the aggravated robbery count. Therefore, *Apprendi* and *Blakely* do not apply to Applicant's sentence, and he is not entitled to federal habeas relief on this claim.

Accordingly, it is ordered:

1. Applicant David C. Montoya's Application Under 28 U.S.C. § 2254 For Writ of Habeas Corpus ("Application") (Docket No. 3) is denied.
2. No certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.
3. This case is dismissed with prejudice.

Dated at Denver, Colorado, on May 3, 2010

BY THE COURT:

s/ Walker D. Miller

s/ Walker D. Miller
United States District Judge